SO ORDERED.

SIGNED this 29 day of March, 2011.

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

NAEEM AHSAN and                                         CASE NO. 10-01791-8--JRL
NIGAR N. AHSAN,

                                                        **Chapter 13**
      DEBTORS.

─────────────────────────────────────        ─────────────────────────────────

NAEEM AHSAN and NIGER AHSAN,

      PLAINTIFFS                            ADVERSARY PROCEEDING
                                                        NO.  10-00119-8-JRL
          v.

YASIR SYED, as executor for the late
HASHMAT A. SYED, and KHALIDA A. SYED,

      DEFENDANTS.


## ORDER

This matter came before the court on the defendants' motion for summary judgment.  A hearing was held on February 10, 2011 in Raleigh, North Carolina.

The plaintiffs filed a voluntary petition under chapter 13 of the Bankruptcy Code on March 7, 2010.  They commenced this adversary proceeding on May 26, 2010, pursuant to 11 U.S.C. §506 to determine the value of the defendants' secured claim.

## BACKGROUND

Yasir Syed ("defendant") is the executor of the estate of Hashmat Syed ("Syed"), the late brother of plaintiff Niger Ahsan. Defendant Khalida Syed was the wife of the decedent and a party to the transactions at issue. Niger Ahsan and her husband Naeem Ahsan ("plaintiffs") hired Syed as general contractor to construct an extension on their home located at 11016 Leesville Road in Raleigh, North Carolina. Plaintiffs originally requested an estimate for adding three rooms and bathroom, which Syed calculated as $150,000.00. After obtaining building permits, plaintiffs returned to Syed with plans for adding a two-story structure with approximately 4,100 additional square feet. In light of the new plans—far more than the three rooms and a bathroom—Syed increased his estimate to $250,000.00. Syed agreed to finance the construction in exchange for a second position deed of trust against the property. State Employees Credit Union ("SECU") already held a first position deed of trust, which secured a promissory note in the amount of $172,185.30. The parties executed a promissory note and deed of trust on November 6, 2007, in favor of the Syeds ("$250,000 deed of trust").

As the project progressed, plaintiffs requested numerous upgrades. The parties dispute the purpose of the note and deed of trust that followed in light of these upgrades. Defendant contends the upgrades significantly increased the total cost of the project and that both parties agreed to execute a new note for $430,000.00 secured by a new deed of trust on the property ("$430,000.00 deed of trust"). Plaintiffs contend they were having difficulty refinancing their SECU mortgage, and that the Syeds agreed to execute the $430,000.00 note and deed of trust to satisfy the SECU claim, as well as the $250,000.00 deed of trust. The parties agree, however, that the $430,000.00 deed of trust was to satisfy the $250,000.00 deed of trust. The $430,000.00

-2-

deed of trust was executed and recorded on February 5, 2009. The parties executed a cancellation of the $250,000.00 deed of trust on the same day, but it was never recorded.

Hashmat Syed died on September 27, 2009, and his son, Yasir Syed became executor of his estate. Plaintiffs filed their chapter 13 petition on March 7, 2010, and defendants recorded the cancellation of the $250,000.00 deed of trust on March 16, 2010. Defendants then filed a proof of claim on May 12, 2010, in the amount of $435,387.88 as secured by the $430,000.00 deed of trust.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

## DISCUSSION

The parties do not dispute the validity of the SECU deed of trust, which secures the first lien on the property to the extent of $172,185.30. As a preliminary matter, plaintiffs' have

conceded that while they may have believed that the execution of the $430,000.00 deed of trust was, in part, intended to satisfy the SECU deed of trust and assist the plaintiffs in refinancing their home mortgage, the Statute of Frauds requires any agreement on the part of the defendants to assume the debt of the plaintiffs to be in writing.  N.C. Gen. Stat. §22-1.  Both parties agree there was no such writing.  The remaining dispute is whether the defendants have a $250,000.00 lien against the property or a $430,000.00 lien.

Defendants argue the $430,000.00 deed of trust is the only lien they hold on the property because although the cancellation of the $250,000.00 deed of trust was not recorded, it was still executed as between the parties.  Plaintiffs argue the $250,000.00 deed of trust is the only lien against the property held by the defendants, because the validity of the $430,000.00 deed of trust was contingent on the recording of the cancellation of the $250,000.00 deed of trust.  This recording, plaintiffs argue, was a condition precedent to the $430,000.00 deed of trust taking effect, and since the condition was unfulfilled, the $430,000.00 is void.

The court disagrees with the plaintiffs' argument for two reasons.  First, there is no contractual provision in the $430,000.00 deed of trust that states its validity is contingent upon the cancellation of the $250,000.00 deed of trust.  Third parties inspecting the recorded $430,000.00 deed of trust would have no reason to believe its validity was contingent on the proffered condition, or any other condition for that matter.  Plaintiffs point out that the promissory note associated with the $430,000.00 deed of trust states that the deed of trust securing the note is a second lien on the property, implying it would not be effective until it was truly the second deed of trust of record.  Promissory notes are typically not filed with their respective deeds of trust; thus, any significance given to this notation on the note would fail to

-4-

give others notice that the $430,000.00 might be invalid.[1]

More importantly, there is no statutory or case law in North Carolina that conditions the validity of a subsequent deed of trust on the filing of the cancellation of the prior deed of trust. North Carolina General Statute Section 45-36.9 requires secured creditors to record a satisfaction of a security instrument within 30 days after receiving full payment or performance of the obligation.  It also provides the landowner a right to recover <u>actual damages</u>[2] if the secured creditor fails to record the satisfaction within 30 days.  N.C. Gen. Stat. §45-36.9(b).  Although North Carolina law places the responsibility of recording a satisfaction in an expedited manner on the secured creditor—and has created an incentive to do so—this provision does not make recording a satisfaction a condition precedent on the effectiveness of the subsequent deed of trust.

Plaintiffs additionally argue the $250,000.00 deed of trust stands because the belated recording of the satisfaction 13 months after it was executed occurred after the petition date and in violation of the automatic stay.  The automatic stay prohibits entities from, among other things, attempting to create, perfect, or enforce any lien against property of the estate.  11 U.S.C. §362(a).  Recording a satisfaction of a security interest is an act in direct opposition to what the statute prohibits and contributes to reducing the amount of debt of the debtor rather than enhancing or enforcing it against the debtor.  Aside from this act not being in violation of the

---

[1]In fact, any potential purchaser inspecting the encumbrances on the property up until the date of filing would assume there were three liens on the property—SECU's lien, the $250,000.00 deed of trust, and the $430,000.00 deed of trust.  From the potential purchaser's perspective, the $430,000.00 deed of trust is definitively a third position lien, not a second.

[2]The provision explicitly excludes punitive damages from recovery.

-5-

stay, the $250,000.00 deed of trust was still cancelled as to the parties regardless of when the satisfaction was recorded.

## CONCLUSION

The court finds the defendants have a secured claim based on the $430,000.00 deed of trust and accompanying promissory note.[3]  The $250,000.00 deed of trust was cancelled as to the parties on February 5, 2009, and as to third parties as a result of the recorded satisfaction on March 16, 2010, after the petition date.  Although North Carolina provides a right to sue for actual damages for late recordings of satisfactions, the law does not invalidate such satisfactions or subsequent deeds of trust in light of untimely recording.

## END OF DOCUMENT

---

[3]The parties presented arguments regarding methods of valuation for the property.  The court need not address these methods or determine the exact value of the property at this juncture.  The parties agree the property is worth at least as much as one dollar more than SECU's first lien for $172,185.30.  Since all of the equity in the property is not consumed by the first deed of trust on the debtors' residence, the second lien held by defendants is not subject to avoidance pursuant to 11 U.S.C. §506 and In re Kidd, 161 B.R. 769 (Bankr. E.D.N.C. 1993).